UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CORY MCGEE,
       Plaintiff,

-v-

NEW YORK CITY, et al.,
       Defendants.

16-CV-9549 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

  Plaintiff Cory McGee, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants the City of New York, Commissioner Joseph Ponte and Chief Yolanda Canty of the New York City Department of Correction, and Warden Carolyn Saunders and Deputy Warden Sherma Dunbar of the Otis Bantum Correctional Center. Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. (Dkt. No. 12.) McGee failed to respond to this motion.

  For the reasons that follow, Defendants' motion is granted.

## I. Background

  The following facts are taken from the complaint and are presumed true for purposes of this motion.

  Plaintiff is an inmate detained at the Otis Bantum Correctional Center ("OBCC") in East Elmhurst, New York, part of the Rikers Island complex. (Dkt. No. 2 ("Compl.") at 1.) Defendant Canty is the Chief of the New York City Department of Correction ("DOC"). (Compl. at 1.) Defendant Ponte is the DOC Commissioner. (Compl. at 2.) Defendant Dunbar is the Deputy Warden of Security at OBCC, and Defendant Saunders is the Warden of OBCC. (Compl. at 2.)

1

Starting on the night of October 20, 2016, OBCC was placed on lockdown, and Plaintiff was locked in his "housing area." (Compl. at 3.) On several occasions, Plaintiff asked prison officials, including Defendant Dunbar, why he and his fellow inmates were locked in their cells. Dunbar responded that her superiors had authorized the lockdown. (Compl. at 3.)

On October 29, Defendant Canty conducted a "tour" of Plaintiff's housing area. Plaintiff asked her why the inmates were locked in their cells and "also tried to explain to her that [the inmates] were not getting recreation, religious services programs, [and] law library [access]." (Compl. at 3.) Canty responded that Plaintiff could be released from lockdown if he "g[a]ve up a sca[l]pel." (Compl. at 3.)

From October 20 until November 4, Plaintiff filed grievances, but received no response. He then wrote to Defendants Canty, Ponte, Dunbar, and Saunders to complain about the conditions of the lockdown. (Compl. at 3–4.) He also wrote to the "Board of Corrections" and "Department of Investigations." (Compl. at 5.) Beyond that, Plaintiff did not continue to pursue his grievances. (Compl. at 4, 5.)

Plaintiff filed this suit on December 9, 2016. (Dkt. No. 2.) In July 2017, Defendants moved to dismiss his complaint for failure to state a claim. (Dkt. No. 12.) The Court granted Plaintiff's request for a 60-day extension of time to amend his complaint or otherwise respond to Defendants' motion. (Dkt. No. 18.) Plaintiff failed to file any response within this 60-day period. On October 23, 2017, the Court issued an order informing Plaintiff that Defendants' motion would be treated as unopposed unless he filed an amended complaint or opposition by November 17, 2017. (Dkt. No. 20.) Because Plaintiff has not responded to date, Defendants' motion is treated as unopposed.

## II. Legal Standard

"Dismissal under Rule 12(b)(6) is proper when a complaint lacks 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Haughton v. Clinton*, No. 15 Civ. 1160, 2015 WL 9244398, at *1 (S.D.N.Y. Dec. 17, 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "'A document filed *pro se*,' like the complaint here, 'is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008)). "Nonetheless, a complaint must contain 'factual allegations sufficient to raise a right to relief above the speculative level,' including 'an allegation regarding [each] element necessary to obtain relief.'" *Id.* (alteration in original) (quoting *Blanc v. Capital One Bank*, No. 13 Civ. 7209, 2015 WL 3919409, at *2 (S.D.N.Y. June 24, 2015)).

"Where a Plaintiff fails to oppose a motion to dismiss a complaint for failure to state a claim, automatic dismissal is not merited." *Evans v. Aramark Food*, No. 14 Civ. 6469, 2016 WL 1746060, at *2 (S.D.N.Y. Apr. 28, 2016). Instead, the court must evaluate "the sufficiency of a complaint . . . based on its own reading of the pleading and knowledge of the law." *Id.* (quoting *McCall v. Pataki*, 232 F.3d 321, 322–323 (2d Cir. 2000)). "In deciding an unopposed motion to dismiss, a court is to assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Haughton*, 2015 WL 9244398, at * 1 (quoting *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007)).

## III. Discussion

Having conducted an independent review of the pleading, the Court concludes that the motion to dismiss must be granted because Plaintiff has failed to allege administrative exhaustion.

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Further, before a prisoner may bring a complaint under § 1983, the exhaustion of his administrative remedies must be 'proper exhaustion,' *i.e.,* must comply with the particular grievance program's deadlines and other procedural rules." *Martinez v. Kellog*, No. 11 Civ. 9427, 2012 WL 4040031, at *2 (S.D.N.Y. Sept. 12, 2012) (quoting *Woodford v. Ngo*, 548 U.S. 81, 94 (2006)). "'[A]lert[ing] the prison officials as to the nature of the wrong for which redress is sought,' does not constitute 'proper exhaustion' . . . ." *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) (first alteration in original) (citation omitted) (first quoting *Braham v. Clancy*, 425 F.3d 177, 184 (2d Cir. 2005), second quoting *Woodford,* 548 U.S. at 94).

"[A] court considering dismissal of a prisoner's complaint for non-exhaustion must first establish from a legally sufficient source that an administrative remedy is applicable and that the particular complaint does not fall within an exception." *Mojias v. Johnson,* 351 F.3d 606, 610 (2d Cir. 2003)). "[W]here non-exhaustion is clear from the face of a complaint, a court should dismiss the complaint under Rule 12(b)(6)." *Hilbert v. Fischer*, No. 12 Civ. 3843, 2013 WL 4774731, at *3 (S.D.N.Y. Sept. 5, 2013).

DOC's Inmate Grievance Program ("IGP") requires inmates to exhaust the following procedures: (1) an informal resolution by the Inmate Grievance Resolution Committee ("IGRC"), (2) a formal hearing before the IGRC, (3) an appeal to the superintendent of the correctional facility, and (4) an appeal to the DOC Central Office Review Committee ("CORC"). *See* City of New York Dep't of Corr., Inmate Grievance Program Directive,

4

http://www.doccs.ny.gov/Directives/4040.pdf ("IGP Directive"); *see also Blocker v. City of New York*, No. 14 Civ. 7215, 2015 WL 4002588, at *2 (S.D.N.Y. July 1, 2015).[1] Even when an inmate's grievance receives no response, he must still exhaust his appeals to the superintendent and the CORC. *See Martinez*, 2012 WL 4040031, at *2.

Here, it is clear from the face of McGee's complaint that he has failed to exhaust his administrative remedies. Although he alleges that he filed an initial grievance, to which he received no response, he neither sought a formal IGRC hearing nor appealed to either the superintendent[2] or the CORC. (Compl. at 4.) In short, Plaintiff failed to proceed past the first step of the IGP, and has thus failed to satisfy the PLRA's exhaustion requirement. *See Williams v. Dep't of Corr.*, No. 11 Civ. 1515, 2011 WL 3962596, at *5 (S.D.N.Y. Sept. 7, 2011).

Finally, McGee has not adequately alleged that any exception to the IGP applies or that his failure to exhaust was somehow otherwise excused. *See Martinez*, 2012 WL 4040031, at *2 (noting that "DOC directive delineates exceptions to the" grievance program); *Brownell v. Krom*, 446 F.3d 305, 311 (2d Cir. 2006) (outlining "a three-part inquiry" that is used to determined

---

[1] The Court takes judicial notice of the DOC grievance procedure in effect at the time of Plaintiff's grievance, as is consistent with the routine practice of courts in this circuit. *See Martinez*, 2012 WL 4040031, at *2 n.1 (collecting cases in which courts have taken judicial notice of the DOC's grievance procedure); *George v. Benbow*, No. 12 Civ. 6365, 2014 WL 4979311, at *3 & n.4 (S.D.N.Y. Oct. 6, 2014) (explaining that regulations relevant to the PLRA's exhaustion requirement are those in effect at the time the inmate filed the grievances at issue).

[2] The fact that McGee allegedly wrote to the Commissioner, Chief Warden, Deputy Warden of Security, Board of Corrections, and Department of Investigations neither constitutes a formal appeal to the superintendent, *see* IGP Directive at 9–10, nor excuses his failure to file a formal appeal. *See Macias*, 495 F.3d at 44; *see also Mendoza v. Goord*, No. 00 Civ. 146, 2002 WL 31654855, at *3 (S.D.N.Y. Nov. 21, 2002) ("[A]s courts in this district have repeatedly held, however vigorously and unsuccessfully an inmate seeks redress of grievances within the prison bureaucracy, he does not exhaust his remedies as required by § 1997e(a) unless he pursues the proper channels provided by the state for remedying his situation.").

5

whether "'special circumstances' . . . justify a prisoner's failure to comply with administrative procedural requirements) (quoting *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004))).

Because McGee has failed to exhaust his administrative remedies, the PLRA requires dismissal of this action.

**IV.     Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Clerk of Court is directed to close the motion at Docket Number 12 and to terminate this case.

SO ORDERED.

Dated:  January 24, 2018
        New York, New York

_____
                                    J. PAUL OETKEN
                                    United States District Judge


*COPY MAILED TO PRO SE PARTIES BY CHAMBERS*